07-5622-cv
Corines v. Charter One Bank, *et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand ten.

PRESENT:
　　　　RALPH K. WINTER,
　　　　JOHN M. WALKER, JR.,
　　　　ROSEMARY S. POOLER,
　　　　　　*Circuit Judges*.

_____

Peter J. Corines,

　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　07-5622-cv

Charter One Bank, *et al.*,

　　　*Defendants-Appellees*.

_____

FOR APPELLANT:　　　Peter J. Corines, *pro se*, Eastchester, NY.

FOR APPELLEES:　　　Steven A. Stadtmauer, Harris Beach PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Peter J. Corines, *pro se*, appeals a judgment of the district court granting the Defendants' motion for summary judgment, dismissing his claims for malicious prosecution, false arrest, and abuse of process. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, while Corines characterizes the instant action as brought pursuant to 42 U.S.C. § 1983, and alleges violations of his rights under Fourth and Fourteenth Amendments, he did not advance these claims in his complaint or in any fashion in the proceedings below. Accordingly, we decline to consider these claims. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (recognizing the well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff &*

*Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

Corines argues that the district court erred by granting the Defendants' motion for summary judgment because: (1) he was not bound by the terms of the mutual release because the Defendants did not fulfil their obligation to release the lien on his yacht; and (2) by signing the mutual release, he did not intend to relinquish any claims against the Defendants that were based on acts they committed of which he was then unaware. Both of these arguments are unavailing. First, the record indicates that, although there may have been some clerical error in the document that memorialized the release of lien executed by Charter One, there was no evidence to support Corines's assertion that the bank refused to release the mortgage. Moreover, despite the district court's urging, Corines made no effort to correct this error, which, regardless, had no effect on his obligations under the mutual release.

Second, we have held that, where a contract provision is unambiguous, a court must interpret the contract to "effectuate its plain language." *Seabury Const. Corp. v. Jeffery Chain Corp.*, 289 F.3d 63, 68 (2d Cir. 2002). Moreover, where parties

of comparable bargaining power enter into a release with ready access to counsel, "the intent of the parties is indicated by the language employed [in the release]," and, "[w]hen the words of the release are of general effect the release is to be construed most strongly against the releasor, and the burden is on the releasor to establish that the release should be limited." *Middle East Banking Co. v. State Street Bank Int'l*, 821 F.2d 897, 907 (2d Cir. 1987) (internal citation and quotations omitted).

Here, by its express terms, the mutual release provided that Corines agreed to release the Defendants from "all obligations, liability, damages, actions, causes of action, right to file actions, agreements, promises, claims and demands whatsoever in law, admiralty or equity, whether *known* [or] *unknown*." (emphasis added). Accordingly, although Corines argues that he did not intend to relinquish claims against the Defendants that were based on facts which he was not aware of at the time the release was executed, the clear and unambiguous language of the release demonstrates that the parties—both of whom were counseled at the time—intended that those exact type of claims be encompassed within the release terms. Accordingly, the district court properly concluded that Corines lacked standing to bring the instant action.

We have considered Corines's remaining claims of error and determined them to be without merit. Accordingly, there is no

4

basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk